**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| DELAVENTURA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-10793 (WGY) |
| | ) | |
| v. | ) | |
| | ) | |
| COLUMBIA ACORN TRUST, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS**

The Defendants move to stay proceedings in this Court until such time as the

Judicial Panel on Multidistrict Litigation ("MDL Panel") shall rule on the Defendants'

application to transfer the case to the United States District Court for the District of Maryland for

consolidated pretrial proceedings with In re Mutual Funds Investment Litigation, MDL-1586.[1]

As grounds for this motion, Defendants state as follows:

1.      On April 21, 2005, Defendants filed a Notice of Potential Tag-Along with the

MDL Panel.  (Notice of Potential Tag-Along, Ex. 1.)

2.      On May 6, 2005, the MDL Panel, by Conditional Transfer Order ("CTO"),

transferred this action to the District of Maryland for consolidated pretrial proceedings pursuant

to 28 U.S.C. § 1407.  (CTO 17 dated May 6, 2005, Ex. 2).  Any notice of opposition to the CTO

is due on or before May 23, 2005.  If Plaintiff chooses not to oppose, the CTO will be sent to the

---

[1]      This motion is filed on behalf of all Defendants: Columbia Acorn Trust, Columbia Funds
Trust I, Columbia Funds Trust II, Columbia Funds Trust III, Columbia Funds Trust IV,
Columbia Funds Trust V, Columbia Funds Trust VI, Columbia Funds Trust VII,
Columbia Funds Trust VIII, Columbia Funds Trust XI.

Clerk for the U.S. District Court for the District of Maryland on or about May 24, 2005 and the

transfer will become effective upon filing.  Defendants request a stay of all proceedings in this

action pending the filing of the CTO with the U.S. District Court for the District of Maryland or,

in the event that Plaintiff opposes the CTO, until a ruling on the transfer application by the MDL

Panel.

     3.    The MDL Panel has consolidated "all actions [involving] common questions of

fact concerning allegations of market timing and/or late trading in the mutual fund industry"

(MDL Order dated February 20, 2004, Ex. 3 at p. 3.)  The reason for the consolidation was, <u>inter

alia</u>, to create a uniform federal rule of decision.  The MDL Panel noted:

> Congregating these mutual fund market timing/late trading
> actions…is necessary in order to avoid duplication of discovery,
> prevent inconsistent or repetitive pretrial rulings, and conserve the
> resources of the parties, their counsel and the judiciary.  Resolution
> of overlapping issues, concerning similar conduct in the mutual
> fund industry, will be streamlined.

<u>Id.</u>

     4.    The MDL Panel Rules have established procedures relating to "tag-along cases"

filed once an MDL has been established.  <u>See</u> MDL Panel Rule 7.4.  Several actions from this

District involving market timing allegations against Defendants have been transferred into the

MDL since its establishment.  <u>See, e.g.</u>, MDL Conditional Transfer Orders: CTO-2 at p. 2 (Apr.

5, 2004); CTO-5 at p. 2 (May 19, 2004); CTO-7 at p. 2 (June 30, 2004).

     5.    This action, too, is predicated on allegations of market-timing.  Plaintiff,

representing a putative class of Class B Shareholders in Defendants' mutual funds, asserts a

claim arising out of alleged market timing in the mutual funds.  Specifically, Plaintiff alleges that

Defendants violated the prospectus "by engaging in various forms of misconduct, including market timing." (Complaint, ¶ 20.)[2]

6.      On April 20, 2005, Defendants removed this action, originally filed in the Massachusetts Suffolk County Superior Court, to the District of Massachusetts. To date, Plaintiff has not served Defendants with process in compliance with Fed. R. Civ. P. 4. Accordingly, Defendants are under no obligation to respond to the Complaint.

7.      Because this action presents claims and issues in common with actions previously transferred to MDL-1586, it is a "tag-along action" within the meaning of MDL Panel Rule 1.1 and should be transferred to MDL-1586. See CTO 17, Ex. 2 (stating that this action appears to "involve questions of fact which are common to the actions previously transferred to the District of Maryland.")

8.      The MDL forum is best qualified to address the "need for a single rule of decision in a complex financial environment in which innumerable institutions and firms participate." See In re: Alger, Columbia, Janus, MFS, One Group, and Putnam Mutual Fund Litigation, 320 F.Supp.2d 352, 356 (J.P.M.L.).

9.      For reasons of judicial economy, and out of deference to the MDL Panel's mandate to coordinate federal market-timing litigation, this Court should stay proceedings pending a transfer of the case to the MDL in the District of Maryland. Any ruling by this Court

---

[2]      Plaintiff has also announced his intention to file a claim for unfair and deceptive practices under M.G.L., c. 93A, §9 by sending a demand letter to Defendants. (A copy of the Complaint and demand letter were attached as Exhibit A to the Notice of Removal filed on April 20, 2005.)

at this stage would frustrate the MDL Panel's efforts to offer a single rule of decision to ensure

that "all persons in a definable class who suffer the same type of injury" are treated the same.  Id.

WHEREFORE, Defendants ask this Court to stay all proceedings in this Court

pending a ruling by the MDL Panel on Defendants' transfer application.


Dated: May 10, 2005

<div style="margin-left:40%">

_____/s/ Giselle J. Joffre_____
Brien T. O'Connor, BBO # 546767
Giselle J. Joffre, BBO # 658047
ROPES & GRAY LLP
One International Place
Boston, MA 02110-2624
(617) 951-7000
*Attorneys for Defendants Columbia Funds Trust I,
Columbia Funds Trust II, Columbia Funds Trust
III, Columbia Funds Trust IV, Columbia Funds
Trust V, Columbia Funds Trust VI, Columbia Funds
Trust VII, Columbia Funds Trust VIII, Columbia
Funds Trust XI*


_____/s/ Brian E. Pastuszenski_____
Brian E. Pastuszenski, BBO # 391030
Kevin P. McGrath, BBO # 550123
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1000
*Attorneys for Columbia Acorn Trust*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on this 10th day of May 2005
by first class mail upon the attorneys of record for each party.

<div style="margin-left:40%">

_____/s/ Giselle J. Joffre_____

</div>

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE MUTUAL FUNDS<br>INVESTMENT LITIGATION | ) <br>)     MDL Docket No. 1586 <br>) <br>) |

## NOTICE OF POTENTIAL TAG-ALONG ACTION

Pursuant to Rule 7.5(e), Defendants Columbia Acorn Trust, Columbia Funds

Trust I, Columbia Funds Trust II, Columbia Funds Trust III, Columbia Funds Trust IV,

Columbia Funds Trust V, Columbia Funds Trust VI, Columbia Funds Trust VII, Columbia

Funds Trust VIII, Columbia Funds Trust XI (collectively, the "Defendants"), file this Notice of

Potential Tag-Along Action and the attached Schedule of Potential Tag-Along Action

("Schedule") (attached hereto as Exhibit A). The Schedule sets forth one action, *Dean

Delaventura v. Columbia Acorn Trust, et al.*, Case No. 05-10793-WGY (D. Mass.) (attached

hereto as Exhibit B), related to the cases this Panel has already transferred to the United States

District Court for the District of Maryland and centralized onto a single MDL docket (MDL-

1586) under the caption "In re Mutual Funds Investment Litigation."

The complaint in this action contains factual and legal allegations concerning

alleged "market timing" in mutual funds related to the allegations in the cases this Panel has

already transferred and centralized onto the MDL-1586 docket. Consequently, this case should

be transferred to the United States District Court for the District of Maryland and consolidated

into the Bank of America sub-track of In re Mutual Funds Investment Litigation, MDL-1586.

Dated: April 21, 2005

_____

Brian E. Pastuszenski, BBO # 391030

GOODWIN PROCTER LLP

Exchange Place

53 State Street

Boston, MA 02109

(617) 570-1000

*Attorneys for Defendant Columbia Acorn Trust*


_____

Brien T. O'Connor, BBO # 546767

Giselle J. Joffre, BBO # 658047

ROPES & GRAY LLP

One International Place

Boston, MA 02110-2624

(617) 951-7000

*Attorney for Defendants Columbia Funds Trust I,
Columbia Funds Trust II, Columbia Funds Trust
III, Columbia Funds Trust IV, Columbia Funds
Trust V, Columbia Funds Trust VI, Columbia Funds
Trust VII, Columbia Funds Trust VIII, Columbia
Funds Trust XI*

CERTIFICATE OF SERVICE

I hereby certify that a true copy of
the above document was served upon the
attorney(s) of record for each other
party by mail/hand on April 26, 2005

_____

# EXHIBIT A

## SCHEDULE OF POTENTIAL TAG-ALONG ACTION

| | Caption | Court | Judge | Civil Action No. |
|---|---|---|---|---|
| 1. | DEAN DELAVENTURA, on behalf of himself and all others similarly situated, **Plaintiffs**,<br><br>v.<br><br>Columbia Acorn Trust, Columbia Funds Trust I, Columbia Funds Trust II, Columbia Funds Trust III, Columbia Funds Trust IV, Columbia Funds Trust V, Columbia Funds Trust VI, Columbia Funds Trust VII, Columbia Funds Trust VIII, Columbia Funds Trust XI, **Defendants**. | D. Mass. | WGY | 05-10793 |

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

CHAIRMAN:
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

MEMBERS:
Judge John F. Keenan
United States District Court
Southern District of New York

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

DIRECT REPLY TO:

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:       [202] 502-2888

http://www.jpml.uscourts.gov

May 6, 2005

TO INVOLVED COUNSEL

Re: MDL-1586 -- In re Mutual Funds Investment Litigation

*Dean Delaventura v. Columbus Acorn Trust, et al.,* D. Massachusetts, C.A. No. 1:05-10793
*Brian Reaves v. MFS Series Trust I, et al.,* D. Massachusetts, C.A. No. 1:05-10804

Dear Counsel:

Attached is a copy of a conditional transfer order filed today by the Panel involving the above matter. The actions are transferred pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001). Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court. Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE:   May 23, 2005    (4 p.m. EST)**
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel Rules before filing your Notice of Opposition. Please file one Notice of Opposition (with an attached schedule of actions, if necessary) if you are opposing the transfer of more than one action. A consolidated Motion and Brief to Vacate the CTO, with attached schedule of actions, is acceptable and encouraged. Please refer to the attached pink flyer for additional instructions concerning oppositions.

For more information about MDL-1586, counsel are encouraged to visit the District of Maryland transferee court's website at **http://www.mdd.uscourts.gov/mdl_litigation/displayMDLCom1.asp** and click on Mutual Funds.

A list of involved counsel is attached.

Very truly,

Michael J. Beck
Clerk of the Panel

By
Mecca S. Carter
Deputy Clerk

Attachments

JPML Form 39A

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY - 6 2005

FILED
CLERK'S OFFICE

## DOCKET NO. 1586

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE MUTUAL FUNDS INVESTMENT LITIGATION

> *Dean Delaventura v. Columbus Acorn Trust, et al.,* D. Massachusetts,
> C.A. No. 1:05-10793
> *Brian Reaves v. MFS Series Trust I, et al.,* D. Massachusetts, C.A. No. 1:05-10804

### CONDITIONAL TRANSFER ORDER (CTO-17)

On February 20, 2004, the Panel transferred 91 civil actions to the United States District Court for the District of Maryland for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 326 additional actions have been transferred to the District of Maryland. With the consent of that court, all such actions have been assigned to the Honorable J. Frederick Motz, the Honorable Andre Davis and the Honorable Catherine C. Blake.

It appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the District of Maryland.

Pursuant to Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation,</u> 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the District of Maryland for the reasons stated in the order of February 20, 2004, 310 F.Supp.2d 1359 (J.P.M.L. 2004), and, with the consent of that court, assigned to the Honorable J. Frederick Motz, the Honorable Andre Davis and the Honorable Catherine C. Blake.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the District of Maryland. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

*Michael J. Beck*

Michael J. Beck
Clerk of the Panel

RULE 5.2:    SERVICE OF PAPERS FILED

(a)    All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation. Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure. The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each. If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address. The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading. The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service. After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings. In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b)    The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion. The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c)    Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation. Only one attorney shall be designated for each party. Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address. Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d)    In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel. After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e)    If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

INVOLVED COUNSEL LIST (CTO-17)
DOCKET NO. 1586
IN RE MUTUAL FUNDS INVESTMENT LITIGATION

John B. Isbister
Tydings & Rosenberg
100 East Pratt Street
26th Floor
Baltimore, MD 21202

John C. Martland
Gilman & Pastor, L.L.P.
Stonehill Corporate Center
999 Broadway
Suite 500
Saugus, MA 01906

Brian E. Pastuszenski
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881

Mark A. Perry
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036

Jane E. Willis
Ropes & Gray
One International Place
Boston, MA 02110

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MDL 1586

FEB 20 2004

FILED
CLERK'S OFFICE.



*RELEASED FOR PUBLICATION*

*DOCKET NOS. 1576, 1577, 1582, 1585, 1586, 1590 & 1591*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*MDL-1576–IN RE JANUS MUTUAL FUNDS INVESTMENT LITIGATION*

*MDL-1577–IN RE STRONG MUTUAL FUNDS INVESTMENT LITIGATION*

*MDL-1582–IN RE BANK ONE MUTUAL FUNDS INVESTMENT LITIGATION*

*MDL-1585–IN RE BANK OF AMERICA MUTUAL FUNDS INVESTMENT LITIGATION*

*MDL-1586–IN RE MUTUAL FUNDS INVESTMENT LITIGATION*

*MDL-1590–IN RE PUTNAM MUTUAL FUNDS INVESTMENT LITIGATION*

*MDL-1591–IN RE ALLIANCE CAPITAL MUTUAL FUNDS INVESTMENT LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA, D. LOWELL JENSEN, J. FREDERICK MOTZ AND ROBERT L. MILLER, JR., JUDGES OF THE PANEL.*

*ORDER*

---

\* Three members of the Panel would be disqualified in this matter due to shareholdings in one or more of the interested parties, and one Panel seat was vacant at the time the matter was considered. The Panel therefore invoked the "rule of necessity" and all members participated in the decision in order to provide the forum created by the governing statute, 28 U.S.C. § 1407. *See In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation*, 170 F.Supp.2d 1356, 1357-58 (J.P.M.L. 2001).

IMAGED FEB 20 '04        **OFFICIAL FILE COPY**

- 2 -

Before the Panel are seven dockets involving market timing/late trading allegations primarily against six different families of mutual funds.[1]  In six dockets – MDL-1576 (Janus), MDL-1577 (Strong), MDL-1582 (Bank One), MDL-1585 (Bank of America), MDL-1590 (Putnam) and MDL-1591 (Alliance) – various plaintiff and/or defendant movants in each docket[2] seek centralization of the actions now before the Panel[3] and later-filed related actions under 28 U.S.C. § 1407 on a fund-by-fund basis – usually in the federal district in which the mutual fund family is headquartered or has significant contacts.  In the remaining docket – MDL-1586 – the Canary parties[4] seek centralization of all market timing/late trading mutual fund actions and later-filed related actions[5] in one multidistrict docket.

All responding parties in actions now before the Panel support coordinated or consolidated Section 1407 proceedings on either a fund-by-fund basis or as one multidistrict docket.  Some movants and/or various responding parties suggest selection of the Southern District of New York or the District of New Jersey as transferee district for several of these dockets.  If the Panel deems centralization on a fund-by-fund basis to be appropriate, other suggested transferee districts include the following: District of Colorado (MDL-1576);  Eastern or Western Districts of Wisconsin (MDL-1577); Northern District of Illinois or Southern District of Ohio (MDL-1582); Central District of California or Western

---

[1]  At the hearing session in these seven dockets, the Panel heard combined oral argument.  Accordingly, the overlapping issues raised in these dockets are addressed in this one order.

[2]  Movants in these six dockets are as follows: MDL-1576 involves two separate motions – one by plaintiff in one Colorado action and the other by Janus Capital Group, Inc., and Janus Capital Management LLC; the MDL-1577 motion is brought by plaintiff in one Wisconsin action; the MDL-1582 motion is brought by Bank One Corporation and Banc One; the MDL-1585 motion is brought by plaintiffs in one California action; the MDL-1590 motion is brought by Putnam Investments Trust, Putnam Investment Management, LLC, Putnam Investment Funds, Marsh & McLennan Companies, Inc., particular Putnam mutual funds and various individual trustees, directors and employees; and the MDL-1591 motion is brought by Alliance Capital Management L.P., Alliance Capital Management Holding L.P. and Alliance Capital Management Corp.

[3]  One action on the MDL-1590 motion – *Carl Kircher, et al. v. Putnam Funds Trust, et al.*, S.D. Illinois, C.A. No. 3:03-691 – was remanded to Illinois state court on January 27, 2004.  Accordingly, the question of inclusion of this action in Section 1407 pretrial proceedings is moot.

[4]  Canary Capital Partners, LLC; Canary Capital Partners, Ltd.; Canary Investment Management, LLC; and one affiliated individual.

[5]  Thirty-five actions which were not included in the MDL-1586 motion, but were included in the motions in MDLs 1585, 1590 or 1591, are now included in this transfer order.  All parties to these actions had notice of the proceedings before the Panel relating to Section 1407 transfer of their actions for coordinated or consolidated pretrial proceedings and had an opportunity to state their respective positions in writing and at the Panel's January 29, 2004 hearing session regarding the matters now before the Panel.

The Panel has been notified that more than 170 potentially related actions have been filed in these seven dockets.  These actions and any other related actions will be treated as potential tag-along actions in MDL-1586.  *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 3 -

District of North Carolina (MDL-1585); District of Massachusetts or District of Connecticut (MDL-1590); and Eastern District of New York (MDL-1591).

On the basis of the papers filed and hearing session held, the Panel finds that all actions in these seven dockets involve common questions of fact concerning allegations of market timing and/or late trading in the mutual fund industry. Whether the actions be brought by securities holders seeking relief under the federal securities laws or shareholders suing derivatively on behalf of the involved mutual funds, all actions can be expected to focus on similar mutual fund trading practices and procedures with some common defendants and/or witnesses. Section 1407 centralization of all the actions as one multidistrict docket (MDL-1586) in the District of Maryland will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Congregating these mutual fund market timing/late trading actions there is necessary in order to avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. Resolution of overlapping issues, concerning similar conduct in the mutual fund industry, will be streamlined. *See In re Managed Care Litigation*, 2000 U.S. Dist. LEXIS 15927 (J.P.M.L. Oct. 23, 2000).

Opponents of Section 1407 centralization of all actions in one multidistrict litigation argue that the presence of unique questions of fact relating to each mutual fund family should produce a different result. These parties urge us, instead, to centralize related actions/claims on a fund-by-fund basis. We are unpersuaded by these arguments. Indeed, we point out that transfer to a single district under Section 1407 has the salutary effect of placing all mutual fund market timing/late trading actions before one court which can formulate a pretrial program that: 1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. We note that the MDL-1586 transferee court can employ any number of pretrial techniques – such as establishing separate discovery and/or motion tracks for each mutual fund family and/or separate tracks for the different types of actions involved – to efficiently manage this litigation. In any event, we leave the extent and manner of coordination or consolidation of these securities and derivative claims as well as related claims arising under any other federal and/or state laws to the discretion of the transferee court. *In re Equity Funding Corp. of America Securities Litigation*, 375 F.Supp. 1378, 1384-85 (J.P.M.L. 1974).

Given the geographic dispersal of constituent actions and potential tag-along actions, no district stands out as the geographic focal point for this nationwide litigation. Thus we have searched for a transferee district with the capacity and experience to steer this litigation on a prudent course. In addition, this litigation encompasses complex claims against multiple mutual funds by a vast number of plaintiffs/putative class members which could potentially i) present various disqualification issues and/or ii) consume much attention from one transferee judge. Accordingly, the Panel has decided to

- 4 -

entrust this litigation to multiple transferee judges,[6] sitting individually and/or jointly in their own discretion, in the District of Maryland.

IT IS THEREFORE ORDERED that the motions for centralization of actions/claims on a fund-by-fund basis in MDL-1576 (Schedule A), MDL-1577 (Schedule B), MDL-1582 (Schedule C), MDL-1585 (Schedule D), MDL-1590 (Schedule E) and MDL-1591(Schedule F) are denied.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1407, the actions on the attached Schedule G are transferred to the District of Maryland and, with the consent of that court, assigned to the Honorable J. Frederick Motz, the Honorable Andre M. Davis and the Honorable Frederick P. Stamp, Jr. (sitting in the District of Maryland pursuant to an intracircuit assignment under 28 U.S.C. § 292) for coordinated or consolidated pretrial proceedings in MDL-1586.[7]  Each transferee judge shall have jurisdiction over the coordinated or consolidated pretrial proceedings in this litigation and each judge may act individually and/or jointly with respect to these proceedings as they may decide among themselves.[8]

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

---

[6]  28 U.S.C. § 1407(b); *In re In re Air Crash Disaster Near Chicago, Illinois, on May 25, 1979*, 476 F.Supp. 445 (J.P.M.L 1979); *In re Sugar Industry Antitrust Litigation*, MDL-201A (J.P.M.L. May 5, 1978) (unpublished order).

[7]  Judge Stamp's designation as a transferee judge is subject only to the approval of the Honorable Irene M. Keeley, Chief Judge of the Northern District of West Virginia, who presently is out of the country.  The Honorable Catherine C. Blake has also agreed to work with these three MDL-1586 transferee judges in organizing this docket and to serve as the first additional transferee judge if the exigencies of this docket so require and her schedule so permits.

[8]  Panel Rule 1.6(a), R.P.J.P.M.L., 199 F.R.D. at 428, requires clerks of transferor district courts to forward to the clerk of the transferee district court the complete original file and docket sheet for each transferred action.  Because of the voluminous files in this docket, the MDL-1586 transferee judges have requested that the Panel partially suspend this rule in MDL-1586 and require the transferor district court clerks to forward only the docket sheet for each transferred action to the clerk of the District of Maryland.  Accordingly, Panel Rule 1.6(a) is partially suspended in MDL-1586 for these actions and any subsequently transferred related actions. *In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415, 424 (J.P.M.L. 1991).  Panel Rule 1.6(a) will thus remain in effect for the transmittal of docket sheets, while we will rely on the judgment of the transferee judges to request from the transferor district clerks or the parties whatever case files any of them needs.

# SCHEDULE A

<u>MDL-1576 -- In re Janus Mutual Funds Investment Litigation</u>

### District of Colorado

*Vivian Bernstein v. Janus Capital Management, LLC, et al.*, C.A. No. 1:03-1798
*Ronald Abrams, et al. v. Janus Fund, et al.*, C.A. No. 1:03-1817
*John G. Hill, Jr. v. Janus Capital Group, Inc., et al.*, C.A. No. 1:03-1847
*Leona A. Marini, etc. v. Janus Investment Fund, et al.*, C.A. No. 1:03-1857
*Priya Vadehera v. Janus Capital Group, Inc., et al.*, C.A. No. 1:03-1871
*Tara Goldstein v. Janus Capital Group, Inc., et al.*, C.A. No. 1:03-1884
*Vivian Bernstein v. Janus Capital Management, LLC, et al.*, C.A. No. 1:03-1909

### District of New Jersey

*Andrew D. Mule, et al. v. Strong Capital Management, Inc., et al.*, C.A. No. 2:03-4221
*Arthur Sylvester v. Janus Capital Group, Inc., et al.*, C.A. No. 2:03-4261
*Rhonda Vladimir v. Janus Capital Management, LLC, et al.*, C.A. No. 2:03-4273
*May Etsen, et al. v. Janus Fund, et al.*, C.A. No. 2:03-4369
*Robert Corwin v. Thomas H. Bailey, et al.*, C.A. No. 2:03-4384
*Herbert Morris, etc. v. Janus Capital Management, LLC, et al.*, C.A. No. 2:03-4453

### Southern District of New York

*Carol Pestone v. Janus Capital Group, Inc., et al.*, C.A. No. 1:03-6760
*Brian Wormley, et al. v. Janus Capital Group, Inc., et al.*, C.A. No. 1:03-6790
*Selma Stone, et al. v. Janus Fund, et al.*, C.A. No. 1:03-6914
*James Schultz v. Janus Capital Management, LLC, et al.*, C.A. No. 1:03-7123
*Roger L. Bailey v. Janus Capital Management, LLC, et al.*, C.A. No. 1:03-7125
*Elsie Haig, et al. v. Janus Fund, et al.*, C.A. No. 1:03-7218
*Jack Yarbrough, et al. v. Janus Fund, et al.*, C.A. No. 1:03-7333
*Nechama Tepfer v. Janus Capital Group, Inc., et al.*, C.A. No. 1:03-7337

### Eastern District of Pennsylvania

*Gloria Steinberg, et al. v. Janus Capital Management, LLC, et al.*, C.A. No. 2:03-5048
*Tom Kidwell, etc. v. Janus Capital Group, Inc., et al.*, C.A. No. 2:03-5242
*George P. Tsetsekos, etc. v. Janus Capital Group, Inc., et al.*, C.A. No. 2:03-5354

# SCHEDULE B

<u>MDL-1577 -- In re Strong Mutual Funds Investment Litigation</u>

### District of New Jersey

*Andrew D. Mule, et al. v. Strong Capital Management, Inc., et al.*, C.A. No. 2:03-4221

### Southern District of New York

*Selma Stone v. Strong Advisor Common Stock Fund, et al.*, C.A. No. 1:03-6916

### Eastern District of Wisconsin

*Gregory D. Coleman, etc. v. Strong Financial Corp., et al.*, C.A. No. 2:03-862
*James Blevins v. Strong Capital Management, Inc., et al.*, C.A. No. 2:03-868
*Thomas R. Jones v. Strong Financial Corp., et al.*, C.A. No. 2:03-884
*Holly Painter v. Strong Capital Management, Inc., et al.*, C.A. No. 2:03-895
*Steve LeFavour, etc. v. Strong Financial Corp., et al.*, C.A. No. 2:03-897

**SCHEDULE C**

<u>MDL-1582 -- In re Bank One Mutual Funds Investment Litigation</u>

### <u>Northern District of Illinois</u>

*William Pelak v. Bank One Corp., et al.*, C.A. No. 1:03-6591

### <u>District of New Jersey</u>

*Andrew D. Mule, et al. v. Strong Capital Management, Inc., et al.*, C.A. No. 2:03-4221
*Andy Yijun Huang, et al. v. One Group Technology Fund, et al.*, C.A. No. 2:03-4514

### <u>Southern District of New York</u>

*Allan Dworkin v. One Group Technology Fund, et al.*, C.A. No. 1:03-6915
*Charles Tischler v. Bank One Corp., et al.*, C.A. No. 1:03-6970
*Amy Bloomfield v. Mark A. Beeson, et al.*, C.A. No. 1:03-6975

### <u>Southern District of Ohio</u>

*David Brett v. Bank One Corp., et al.*, C.A. No. 2:03-818

## SCHEDULE D

<u>MDL-1585 -- In re Bank of America Mutual Funds Investment Litigation</u>

### <u>Central District of California</u>

*Leann Lin v. Bank of America Corp., et al.*, C.A. No. 2:03-6330
*Kathleen A. Sussman, et al. v. Nations Capital Growth Fund, et al.*, C.A. No. 2:03-6957
*Jean Marie Maggi, et al. v. Bank of America Corp., et al.*, C.A. No. 2:03-7249

### <u>District of New Jersey</u>

*John Golisano v. Bank of America Corp., et al.*, C.A. No. 2:03-4230
*Roderick Rohrer v. Nations Capital Growth Fund, et al.*, C.A. No. 2:03-4496

### <u>Southern District of New York</u>

*Samuel T. Cohen v. Nations Capital Growth Fund, et al.*, C.A. No. 1:03-6847

# SCHEDULE E

<u>MDL-1590 -- In re Putnam Mutual Funds Investment Litigation</u>

### <u>Northern District of California</u>

*Jacqueline Burton, et al. v. Marsh & McLennan Companies, Inc., et al.*, C.A. No. 3:03-4973

### <u>District of Delaware</u>

*Zachary Alan Starr, etc. v Putnam Investment Management, Inc., et al.*, C.A. No. 1:03-1023

### <u>District of Massachusetts</u>

*Diane Saunders v. Putnam American Government Income Fund*, C.A. No. 1:03-12086
*Sally A. Bulawsky, et al. v. Marsh & McLennan Companies, Inc., et al.*,
  C.A. No. 1:03-12094
*Samuel M. Troutman, et al. v. Putnam American Government Income Fund, et al.*,
  C.A. No. 1:03-12116
*Lawrence E. Jaffe, etc. v. Putnam American Government Income Fund, et al.*,
  C.A. No. 1:03-12162
*Miranda Zuber, et al. v. Putnam Investment Management, LLC*, C.A. No. 1:03-12175
*Sara Gurno, et al. v. Putnam American Government Income Fund, et al.*,
  C.A. No. 1:03-12196
*Ann Schneps Dubin, et al. v. Putnam Investment Management, LLC*, C.A. No. 1:03-12209
*Rochelle Meyer, etc. v. Putnam International Voyager Fund, et al.*, C.A. No. 1:03-12214

### <u>Southern District of New York</u>

*Shelia Schulman, et al. v. Putnam American Government Income Fund, et al.*,
  C.A. No. 1:03-8323
*Dawn Maniskas v. Putnam American Government Income Fund, et al.*, C.A. No. 1:03-8368
*Salvatore Piliere v. Putnam Global Income Trust, et al.*, C.A. No. 1:03-8407
*Paul Angotta, et al. v. Putnam American Government Income Fund, et al.*,
  C.A. No. 1:03-8651
*Kristin Garfield v. Putnam American Government Income Fund, et al.*, C.A. No. 1:03-8683
*Ingeborg Engeler v. Putnam Investments Trust, et al.*, C.A. No. 1:03-8720

## SCHEDULE F

<u>MDL-1591 -- In re Alliance Capital Mutual Funds Investment Litigation</u>

### <u>District of New Jersey</u>

*Milton Pfeiffer v. Alliance Capital Management, L.P.*, C.A. No. 2:03-4724
*Roger Jee v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 2:03-4895
*Marvin Goldfarb v. AllianceBernstein Growth & Income Fund, Inc., et al.*,
   C.A. No. 2:03-4962

### <u>Eastern District of New York</u>

*Felicia Bernstein v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 2:03-5087
*Robert K. Finnell v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 2:03-5345

### <u>Southern District of New York</u>

*Nada Hindo, et al. v. Alliance Capital Management Holding, L.P., et al.*,
   C.A. No. 1:03-7765
*George W. Bookhout, et al. v. Alliance Capital Management Holding, L.P., et al.*,
   C.A. No. 1:03-7955
*Charles Healy v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 1:03-8008
*Richard J. Abt v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 1:03-8202
*Tracy Silverman v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 1:03-8274
*Marlene Seybold v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 1:03-8278
*Martine Stansbery, Jr. v. AXA Financial, Inc.*, C.A. No. 1:03-8282
*Michael Bernstein, et al. v. Alliance Capital Management Holding, L.P., et al.*,
   C.A. No. 1:03-8350
*Regina Kopelowitz v. AllianceBernstein Growth & Income Fund, Inc., et al.*,
   C.A. No. 1:03-8372
*Robin Fernhoff, et al. v. AllianceBernstein Growth & Income Fund, Inc., et al.*,
   C.A. No. 1:03-8402
*Timothy J. Plank v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 1:03-8466
*Israel Grafstein v. AXA Financial, Inc., et al.*, C.A. No. 1:03-8685
*Gary Frost v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 1:03-8722
*Lori Weinrib v. AllianceBernstein Growth & Income Fund, Inc., et al.*, C.A. No. 1:03-8915
*Blanchard D. Smith, Jr. v. AllianceBernstein Growth & Income Fund, Inc., et al.*,
   C.A. No. 1:03-8981

# SCHEDULE G

<u>MDL-1586 -- In re Mutual Funds Investment Litigation</u>

### <u>Northern District of California</u>

*Jacqueline Burton, et al. v. Marsh & McLennan Companies, Inc., et al.*, C.A. No. 3:03-4973

### <u>Central District of California</u>

*Leann Lin v. Bank of America Corp., et al.*, C.A. No. 2:03-6330
*Kathleen A. Sussman, et al. v. Nations Capital Growth Fund, et al.*, C.A. No. 2:03-6957
*Jean Marie Maggi, et al. v. Bank of America Corp., et al.*, C.A. No. 2:03-7249

### <u>District of Colorado</u>

*Vivian Bernstein, et al. v. Janus Capital Management, LLC, et al.*, C.A. No. 1:03-1798
*Ronald Abrams, et al. v. Janus Fund, et al.*, C.A. No. 1:03-1817
*John G. Hill, Jr. v. Janus Capital Group, Inc., et al.*, C.A. No. 1:03-1847
*Leona A. Marini, etc. v. Janus Investment Fund, et al.*, C.A. No. 1:03-1857
*Priya Vadehera v. Janus Capital Group, Inc., et al.*, C.A. No. 1:03-1871
*Tara Goldstein v. Janus Capital Group, Inc., et al.*, C.A. No. 1:03-1884
*Vivian Bernstein v. Janus Capital Management, LLC, et al.*, C.A. No. 1:03-1909
*John R. Lang, et al. v. Janus Fund, et al.*, C.A. No. 1:03-1942
*William Silverman v. Janus Capital Group, Inc., et al.*, C.A. No. 1:03-1965
*Richard Kaufman v. Janus Capital Group, Inc., et al.*, C.A. No. 1:03-1966

### <u>District of Delaware</u>

*Zachary Alan Starr, etc. v Putnam Investment Management, Inc., et al.*, C.A. No. 1:03-1023

### <u>Northern District of Illinois</u>

*William Pelak v. Bank One Corp., et al.*, C.A. No. 1:03-6591
*Glen Robinson v. One Group International Equity Index Fund, et al.*, C.A. No. 1:03-6986
*Norman Maged v. One Group Technology Fund, et al.*, C.A. No. 1:03-7029

### <u>District of Massachusetts</u>

*Diane Saunders v. Putnam American Government Income Fund*, C.A. No. 1:03-12086
*Sally A. Bulawsky, et al. v. Marsh & McLennan Companies, Inc., et al.*,
   C.A. No. 1:03-12094
*Samuel M. Troutman, et al. v. Putnam American Government Income Fund, et al.*,
   C.A. No. 1:03-12116
*Lawrence E. Jaffe, etc. v. Putnam American Government Income Fund, et al.*,
   C.A. No. 1:03-12162
*Miranda Zuber, et al. v. Putnam Investment Management, LLC*, C.A. No. 1:03-12175

**SCHEDULE G (page 2)**

<u>District of Massachusetts</u> (continued)

*Sara Gurno, et al. v. Putnam American Government Income Fund, et al.,*
  C.A. No. 1:03-12196
*Ann Schneps Dubin, et al. v. Putnam Investment Management, LLC,* C.A. No. 1:03-12209
*Rochelle Meyer, etc. v. Putnam International Voyager Fund, et al.,* C.A. No. 1:03-12214

<u>District of New Jersey</u>

*Andrew D. Mule, et al. v. Strong Capital Management, Inc., et al.,* C.A. No. 2:03-4221
*John Golisano v. Bank of America Corp., et al., C.A. No. 2:03-4230*
*Arthur Sylvester v. Janus Capital Group, Inc., et al.,* C.A. No. 2:03-4261
*Rhonda Vladimir v. Janus Capital Management LLC, et al.,* C.A. No. 2:03-4273
*May Etsen, et al. v. Janus Fund, et al.,* C.A. No. 2:03-4369
*Robert Corwin v. Thomas H. Bailey, et al.,* C.A. No. 2:03-4384
*Robert K. Finnell, etc. v. Bank of America Corp., et al.,* C.A. No. 2:03-4446
*Herbert Morris v. Janus Capital Management, LLC, et al.,* C.A. No. 2:03-4453
*Roderick Rohrer v. Nations Capital Growth Fund, et al.,* C.A. No. 2:03-4496
*Andy Yijun Huang, et al. v. One Group Technology Fund, et al.,* C.A. No. 2:03-4514
*Milton Pfeiffer v. Alliance Capital Management, L.P.,* C.A. No. 2:03-4724
*Robert Garfield, et al. v. Banc of America Capital Management, LLC, et al.,*
  C.A. No. 2:03-4855
*Roger Jee v. Alliance Capital Management Holding, L.P., et al.,* C.A. No. 2:03-4895
*Marvin Goldfarb v. AllianceBernstein Growth & Income Fund, Inc., et al.,*
  C.A. No. 2:03-4962

<u>Eastern District of New York</u>

*Felicia Bernstein, etc. v. Alliance Capital Management Holding, LP, et al.,*
  C.A. No. 2:03-5087
*Robert K. Finnell v. Alliance Capital Management Holding, L.P., et al.,* C.A. No. 2:03-5345

<u>Southern District of New York</u>

*Carol Pestone v. Janus Capital Group, Inc., et al.,* C.A. No. 1:03-6760
*Brian Wormley, et al. v. Janus Capital Group, Inc., et al.,* C.A. No. 1:03-6790
*Samuel T. Cohen v. National Capital Growth Fund, et al.,* C.A. No. 1:03-6847
*Selma Stone, et al. v. Janus Fund, et al.,* C.A. No. 1:03-6914
*Allan Dworkin v. One Group Technology Fund, et al.,* C.A. No. 1:03-6915
*Selma Stone v. Strong Advisor Common Stock Fund, et al.,* C.A. No. 1:03-6916
*Tom Torelli v. Strong Financial Corp., et al.,* C.A. No. 1:03-6969
*Charles Tischler v. Bank One Corp., et al.,* C.A. No. 1:03-6970
*Amy Bloomfield v. Mark A. Beeson, et al.,* C.A. No. 1:03-6975
*James Schultz v. Janus Capital Management, LLC, et al.,* C.A. No. 1:03-7123
*Roger L. Bailey v. Janus Capital Management, LLC, et al.,* C.A. No. 1:03-7125

## SCHEDULE G (page 3)

<u>Southern District of New York</u> (continued)

*Elsie Haig, et al. v. Janus Fund, et al.*, C.A. No. 1:03-7218
*David Kuperschmid v. Strong Capital Management, Inc., et al.*, C.A. No. 1:03-7287
*Jack Yarbrough, et al. v. Janus Fund, et al.*, C.A. No. 1:03-7333
*Nechama Tepfer v. Janus Capital Group, Inc.*, C.A. No. 1:03-7337
*Lori Reinhardt v. Strong Advisor Common Stock Fund, et al.*, C.A. No. 1:03-7438
*Wathena Ann Forsee v. Janus Fund, et al.*, C.A. No. 1:03-7654
*James M. Archinaco v. Janus Capital Group, Inc., et al.*, C.A. No. 1:03-7745
*Nada Hindo, et al. v. AllianceBernstein Growth & Income Fund*, C.A. No. 1:03-7765
*John Armentano v. Janus Fund, et al.*, C.A. No. 1:03-7766
*Isidore Zimmerman v. Thomas H. Bailey*, C.A. No. 1:03-7910
*George W. Bookhout, et al. v. Alliance Capital Management Holding, L.P., et al.*,
    C.A. No. 1:03-7955
*Charles Healy v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 1:03-8008
*Richard J. Abt v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 1:03-8202
*Tracy Silverman v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 1:03-8274
*Marlene Seybold v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 1:03-8278
*Martine Stansbery, Jr. v. AXA Financial, Inc.*, C.A. No. 1:03-8282
*Shelia Schulman, et al. v. Putnam American Government Income Fund, et al.*,
    C.A. No. 1:03-8323
*Michael Bernstein, et al. v. Alliance Capital Management Holding, L.P., et al.*,
    C.A. No. 1:03-8350
*Dawn Maniskas v. Putnam American Government Income Fund, et al.*, C.A. No. 1:03-8368
*Regina Kopelowitz v. AllianceBernstein Growth & Income Fund, Inc., et al.*,
    C.A. No. 1:03-8372
*Robin Fernhoff, et al. v. AllianceBernstein Growth & Income Fund, Inc., et al.*,
    C.A. No. 1:03-8402
*Salvatore Piliere v. Putnam Global Income Trust, et al.*, C.A. No. 1:03-8407
*Timothy J. Plank v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 1:03-8466
*Paul Angotta, et al. v. Putnam American Government Income Fund, et al.*,
    C.A. No. 1:03-8651
*Kristin Garfield v. Putnam American Government Income Fund, et al.*, C.A. No. 1:03-8683
*Israel Grafstein v. AXA Financial, Inc., et al.*, C.A. No. 1:03-8685
*Ingeborg Engeler v. Putnam Investments Trust, et al.*, C.A. No. 1:03-8720
*Gary Frost v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 1:03-8722
*Lori Weinrib v. AllianceBernstein Growth & Income Fund, Inc., et al.*, C.A. No. 1:03-8915
*Blanchard D. Smith, Jr. v. AllianceBernstein Growth & Income Fund, Inc., et al.*,
    C.A. No. 1:03-8981

<u>Southern District of Ohio</u>

*David Brett v. Bank One Corp., et al.*, C.A. No. 2:03-818
*Pamela Dunlap v. One Group Technology Fund, et al.*, C.A. No. 2:03-916

## SCHEDULE G (page 4)

<u>Eastern District of Pennsylvania</u>

*Gloria Steinberg, et al. v. Janus Capital Management, LLC, et al.,*
   C.A. No. 2:03-5048
*Tom Kidwell, etc. v. Janus Capital Group, Inc., et al.*, C.A. No. 2:03-5242
*George P. Tsetsekos, etc. v. Janus Capital Group, Inc., et al.*, C.A. No. 2:03-5354

<u>Eastern District of Wisconsin</u>

*Gregory D. Coleman, etc. v. Strong Financial Corp., et al.*, C.A. No. 2:03-862
*James Blevins v. Strong Capital Management, Inc., et al.*, C.A. No. 2:03-868
*Jenell Marie Halvorson v. Strong Advisor Common Stock Fund, et al.*, C.A. No. 2:03-872
*Thomas R. Jones v. Strong Financial Corp., et al.*, C.A. No. 2:03-884
*Holly Painter v. Strong Capital Management, Inc., et al.*, C.A. No. 2:03-895
*Congregation Ohel Torah v. Strong Capital Management, Inc., et al.*, C.A. No. 2:03-896
*Steve LeFavour, etc. v. Strong Financial Corp., Inc., et al.*, C.A. No. 2:03-897
*Jackson T. Ferris, et al. v. Strong Capital Management, Inc., et al.*, C.A. No. 2:03-998