UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
-----------------------------------------------------------------X
DEAN DELAVENTURA,                        :  Civil Action No. 05-10793 (WGY)
                                         :
                Plaintiff,               :
                                         :
     - against -                         :
                                         :
COLUMBIA ACORN TRUST, COLUMBIA           :
FUNDS TRUST I, COLUMBIA FUNDS TRUST      :
II, COLUMBIA FUNDS TRUST III, COLUMBIA   :
FUNDS TRUST IV, COLUMBIA FUNDS TRUST     :
V, COLUMBIA FUNDS TRUST VI, COLUMBIA     :
FUNDS TRUST VII, COLUMBIA FUNDS TRUST    :
VIII, COLUMBIA FUNDS TRUST XI,           :
                                         :
                Defendants.              :
-----------------------------------------------------------------X
```

**PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANTS'
MOTION FOR STAY OF PROCEEDINGS**

00004998.WPD ; 1

**PRELIMINARY STATEMENT**

Defendants' motion to stay amounts to nothing more than a vain attempt to avoid this Court's decision in *Meyer v. Putnam International Voyager Fund*, 220 F.R.D. 127 (D. Mass. 2004) (Young, C.J.), holding that removal was improper. Counsel for Defendants here was counsel for the defendants in that case. Counsel for defendants here is also counsel for defendants in 2 similar cases currently removed to this District, *Reaves v. MFS Series Trust I*, Civil Action No. 05-10804-MEL, and *Press v. Putnam Investment Funds*, Civil Action No. 05-10923-NG. Yet this is the only case in which counsel for defendants have sought to stay the proceedings.

This Court's decision in *Meyer* would for all intents and purposes be dispositive of any motion to remand here as the facts in that case are virtually identical. In *Meyer* it was alleged that defendants' engagement in market timing constituted a breach of fiduciary duty–a state cause of action. *Id.* at 128. Here, it is alleged that defendants' engagement in market timing constituted a breach of contract–a state cause of action. Both cases were brought on behalf of a class of holders of mutual funds. Both cases were improperly removed from state court under the Securities Litigation Standards Act of 1998 and the general removal statute. This Court remanded the *Meyer* action back to state court. Defendants are seeking to avoid the same result here by means of a stay. Apparently, defendants believe they have a better chance of resisting remand in the District of Maryland than in the District of Masachusetts. But such forum shopping provides no basis for a stay.

Regardless of defendants' motive, there is no reason to stay this case pending a ruling of the MDL. Defendants' motion to stay is based on its assertion that this case is likely to be transferred and coordinated by the MDL. Given that this case was <u>not</u> properly removed to federal court, as plaintiff demonstrates in his contemporaneously filed motion to remand, there is no need

to stay the proceedings here. Where, as here, a motion to remand for lack of subject matter jurisdiction is pending, it is far more appropriate for the Court to determine the motion to remand than to issue a stay pending MDL determination. Furthermore, as this case was properly filed in state court, it should not be subject to the multi-district litigation procedural mechanism.

Staying consideration of the motion to remand will serve no legitimate purpose other than to delay the inevitable remand of this case to state court and prevent plaintiff from promptly litigating his case on its merits. Accordingly, plaintiff requests that this Court deny defendants' motion for stay of proceedings because "[j]udicial economy will be best served by addressing the remand issue" now. *Villarreal v. Chrysler Corp.,* 1996 WL 116832, at *1 (N.D. Cal. March 12, 1996).

## FACTS

Plaintiff Dean Delaventura filed his complaint in Suffolk County Superior Court for breach of contract against defendants. The complaint alleges that defendants engagement in market timing constituted a breach of contract. In addition, plaintiff also sent a demand letter pursuant to M.G.L., c. 93A of the Massachusetts Consumer Protection Act, which claim Plaintiff intends to amend his complaint to include upon remand.

Defendants improperly removed plaintiff's complaint to this Court, as detailed in plaintiff's contemporaneously filed motion to remand.

Defendants also filed a notice of a potential tag-along action with the MDL misrepresenting that this action was "related" to the cases the MDL had already transferred to the United States District Court for the District of Maryland ("District of Maryland"). The MDL issued a Conditional Transfer Order (the "CTO") for the transfer of this action to the District of Maryland.

The CTO does not become effective until it is filed with the District of Maryland, which filing was automatically stayed to give plaintiff the opportunity to file a Notice of Opposition to the CTO. Plaintiff has filed his Notice of Opposition to the CTO which further stays the CTO until June 7, 2005 for plaintiff to file his motion to vacate the CTO. Plaintiff will be filing his motion to vacate the CTO, which will further stay it until the motion is fully briefed and the MDL renders it decision. Plaintiff's motion will request the MDL vacate, or, in the alternative, stay the CTO pending determination of plaintiff's motion to remand by this Court.

Defendants have filed the instant motion for stay of proceedings in this Court. Defendants motion, among other things, misstates that plaintiff's action "alleges that Defendants violated the prospectus" and "presents claims and issues in common with actions previously transferred." Defs. Mot., ¶¶ 5, 7. As detailed in his motion to remand, plaintiff's action actually "presents claims and issues in common with actions previously" *remanded* by this Court.

## ARGUMENT

### I. A STAY IS NOT APPROPRIATE WHERE A MOTION TO REMAND IS PENDING

The pendency of an MDL motion does not in any way limit the pre-trial jurisdiction of the district court. Rule 1.5 of the Rules of Procedure For The Judicial Panel on Multidistrict Litigation provides that "[t]he pendency of a . . . conditional transfer order . . . does not affect or suspend orders or pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." *See Bellorin v. Bridgestone/Firestone, Inc.*, 236 F. Supp. 2d 670, 676 (W.D. Tex. 2001) ("until transfer is ordered by the MDL panel, the district court retains its authority to determine pre-trial motions and issues"). This is because a

court's decision on a motion to stay, although discretionary, should be guided by the policies of justice and efficiency. *Boudreaux v. Metropolitan Life Ins.*, 1995 WL 83788, at *2 (E.D. La. Feb. 24, 1995). In fact, the MDL encourages courts to rule on motions to remand in cases pending transfer. Judge O'Toole recently rejected a motion to stay proceedings pending determination of the MDL and granted plaintiffs' motion to remand. *In re Massachusetts Diet Drug Litig.*, 338 F,Supp. 2d 198, 201 (D. Mass. 2004). In denying a stay, Judge O'Toole noted that the court had received a standard letter from the MDL advising:

> Thus your jurisdiction continues until any transfer ruling becomes effective. If you have a motion pending before you in any of the actions–particularly a motion to remand to state court (if the action was removed to your court)–you are *encouraged to rule on the motion* unless you conclude that the motion raises issues likely to arise in other actions in the transferee court, should we order transfer, and would best be decided there.

*Id.* (emphasis added). The Court may have received a similar letter in this case. In any event, this Court should deny defendants' motion to stay and rule on plaintiff's motion to remand.

Courts in similar situations have routinely denied motions to stay in order to consider a motion for remand while an MDL transfer was pending. *See, e.g., Carden v. Bridgestone/Firestone, Inc.*, 2000 WL 33520302, at *4 (S.D. Fla. Oct. 18, 2000) (court elected to hear motion for remand and denied motion to stay as moot); *AETNA U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft,* 54 F. Supp. 2d 1042, 1048 (D. Kan. 1999) (holding that there was no reason to delay ruling on plaintiff's motion to remand, stating, "[f]or purposes of judicial economy, the jurisdictional issue should be resolved immediately. If federal jurisdiction does not exist, the case can be remanded before federal resources are further expended"); *Bellorin v. Bridgestone/Firestone, Inc.*, 236 F. Supp.2d 670, 676 (W.D. Tex.2001) (denying stay where "issues raised by the plaintiff's

motion to remand are unique to this case and would benefit little from coordinated discovery under the MDL panel"); *Tortola Restaurants, LP v. Kimberly -Clark, Corp.,* 987 F. Supp. 1186, 1189 (N.D. Cal. 1997) (denying motion for stay and immediately considering motion to remand where the district court "as transferor Court retains exclusive jurisdiction until the § 1407 transfer becomes effective and as such, motions to remand should be resolved before the panel acts on the motion to transfer"); *Villarreal,* 1996 WL 116832, at *1 ("Judicial economy will be best served by addressing the remand issue because a determination on this issue will facilitate litigation in the appropriate forum"); *Kohl American Home Products Corp.*, 78 F. Supp.2d 885, 887-888 (W.D. Ark. 1999) (denying motion to stay because "the court believe[d] the best course is to decide the motion to remand"); *Lloyd v. Cabell Huntington Hospital, Inc.*, 58 F.Supp.2d 694, 696 (S.D. W. Va. 1999) ("[t]his Court cannot, however, stay proceedings in an action over which it lacks jurisdiction."); *Stern v. Mutual Life Ins. Co. of N.Y.*, 968 F.Supp. 637, 639 (N.D. Ala. 1997) ("[i]f the court lacks jurisdiction over the action *ab initio*, it is without jurisdiction to enter such a stay."). This Court should do the same.

Furthermore, plaintiff's motion to remand for lack of subject matter jurisdiction takes precedence over defendants' motion to stay. The First Circuit, consistent with U.S. Supreme Court precedent, applies the principle applied by the courts in the above-cited cases that subject matter jurisdiction is a threshold issue that must be determined first, before the court takes any other action in the case. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact..." *Steel Company v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (internal quotation marks and citations omitted); *Danca v. Private Health Care Systems, Inc.*,

185 F. 3d 1, 4 (1st Cir. 1999) ("[a] threshold issue in this case, as in every case, is subject matter jurisdiction."). In a recent decision remanding a case to the Superior Court, Judge Lindsay cited this principle, noting, "[i]t is well settled that a federal court must determine any threshold issue of subject-matter jurisdiction *before conducting any further proceedings in an action pending before the court.*" *Auerbach v. General Motors Corporation*, Civil Action No. 01-11723-RCL (D. Mass. July 10, 2003) (emphasis added).[1] Here, because a motion to remand for lack of subject matter jurisdiction is pending, this Court should first decide plaintiff's motion to remand.

Defendants' motion for a stay is based upon their argument that the underlying claim should be litigated in a single forum, the District of Maryland, in which other market timing cases, *involving federal issues*, have been consolidated (for pre-trial purposes) by the MDL. They conclude, "[a]ny ruling by this Court at this stage would frustrate the MDL Panel's efforts to offer a single rule of decision to ensure that 'all persons in a definable class who suffer the same type of injury' are treated the same." Defs. Mot., ¶ 9. That observation is irrelevant for the remand motion. Whether decided here or in the District of Maryland, the issue is whether the case belongs in federal court at all. We address the substance of that question in our remand motion. For present purposes we note that a Massachusetts federal court deciding whether a case may only be brought in a Massachusetts state court "frustrates" none of the efforts of the MDL. As indicated below, the interest of judicial economy, as well as plaintiff's interest in the prompt resolution of his claims is furthered by this Court's considering, and deciding his motion to remand.

---

[1] Attached hereto as Exhibit 1.

## II. A STAY WILL NOT PROMOTE JUDICIAL ECONOMY

Contrary to defendants' assertion, (Defs. Mot., ¶ 9), judicial economy will not be promoted by issuing a stay of all proceedings in this case. Defendants' assertion is premised on the false assumption that this case will be transferred by the MDL. *Id.* In this case, judicial economy will be promoted by determining whether federal subject matter jurisdiction exists prior to any other proceedings in this Court or by the MDL panel.

In *AETNA U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, the Court denied a motion to stay similar to the stay defendants seek here, in order to rule on the plaintiff's motion to remand because if federal subject matter jurisdiction did not exist, then the case would be "remanded before federal resources [were] further expended." 54 F. Supp.2d at 1048. The court further held that the purposes of judicial economy would be promoted by determining the motion to remand rather than staying the action because "a stay would not affect the law" that applies to the case, and therefore a transferee court would be forced to resolve a number of remand motions based, in part, on the varying state law claims alleged in each case. *Id.* at 1047-48.[2] Similarly, in this case, where it is clear that there is no federal subject matter jurisdiction, judicial economy would be promoted by determining the motion to remand instead of issuing a stay.

## III. DEFENDANTS' ATTEMPT TO AVOID THIS COURT'S HOLDING IN *MEYER* SHOULD NOT BE ALLOWED

Plaintiff believes that the real reason defendants are seeking to stay this Court is to avoid this Court's decision in *Meyer*. As detailed in plaintiff's motion to remand, the facts of that case are almost identical to those here. In *Meyer*, the plaintiff filed on behalf of a class of holders

---

[2] Similar reasoning was employed in *Villarreal*, 1996 WL 116832 at *1; *Tortola*, 987 F. Supp. at 1189 (*quoting Villarreal*); and *Kohl*, 78 F. Supp. 2d at 888 (*quoting Tortola*).

of shares of Putnam mutual funds alleging that defendants' market timing activities constituted a breach of fiduciary duty. *Id.* at 128. Here, plaintiff has filed on behalf of a class of holders of class B shares of Columbia mutual funds alleging that defendants' market timing activities constituted a breach of contract. In *Meyer*, defendants had removed the action under SLUSA and the general removal statute. *Id.* Defendants have done the same here. In *Meyer*, this Court held that removal had been improper and remanded the action back to state court. *Id.* at 129-30. This Court in *Meyer* held that "the terms of SLUSA's preemption provision, even if broadly read . . . do not extend to [plaintiff's] claims" and found "the federal claims cited by the Defendants insufficiently substantial to support an exercise of federal jurisdiction." *Id.* There is <u>no</u> reason why the result will be any different here.

Counsel for defendants here was also counsel in *Meyer*. In addition, counsel for defendants here is also counsel for defendants in two similar cases currently removed to this District, *Reaves v. MFS Series Trust I*, Civil Action No. 05-10804-MEL, and *Press v. Putnam Investment Funds*, Civil Action No. 05-10923-NG. However, this is the only case in which counsel for defendants have sought to stay the proceedings. Counsel for defendants are apparently trying to avoid this Court's decision in *Meyer*, believing they have a better a chance of resisting remand in the District of Maryland than here. Such forum shopping is improper and should be rejected by the Court.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that defendants' motion to stay be denied and that this Court consider plaintiff's motion to remand.

Dated: June 6, 2005

**Respectfully submitted,**


By: /s/ John Martland
David Pastor (BBO# 391000)
John C. Martland (BBO# 322980)
GILMAN AND PASTOR, LLP
60 State Street, 37th Floor
Boston, MA 01906
Telephone: (617) 742-9700
Fax: (617) 742-9701

RABIN & PECKEL LLP
275 Madison Avenue, Suite 420
New York, NY 10016
Telephone: (212) 880-3722
Fax: (212) 880-3716

GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: (310) 201-9150
Fax: (310) 201-9160

Attorneys for plaintiff Dean Delaventura

**EXHIBIT 1**

Case 1:05-cv-10793-WGY    Document 7-2    Filed 06/06/2005    Page 1 of 6

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFF AUERBACH, and <br> ANN DITONDO, on behalf of <br> themselves and all others <br> similarly situated, <br>       Plaintiffs, <br><br> v. <br><br> GENERAL MOTORS <br> CORPORATION, <br>       Defendant. | Civil Action No. 01-11723-RCL |

## MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION FOR REMAND

LINDSAY, District Judge.

This is an action filed by Jeff Auerbach and Ann Ditondo (the "Plaintiffs") on behalf of Massachusetts residents who purchased Chevrolet Malibu vehicles for model years 1997 through 2001 (the "Class"). The plaintiffs originally filed this action against General Motors Corporation ("GM" or the "Defendant") in Middlesex Superior Court. GM subsequently removed the action to this court pursuant to 28 U.S.C. §§1441 and 1446, asserting diversity jurisdiction under 28 U.S.C. §1332. The plaintiffs have moved for a remand of the action and contend that this court lacks jurisdiction because the dispute does not satisfy the $75,000 jurisdictional amount under 28 U.S.C. §1332. The motion to remand is GRANTED.

**Discussion**

It is well settled that a federal court must determine any threshold issue of subject-matter jurisdiction before conducting any further proceedings in an action pending before the court. *See, e.g., Steel Company Citizens for a Better Environment*, 523 U.S. 83, 94 (1998); *Danca v. Private Health Care Systems, Inc.*, 15 F.3d 1, 4 (1st Cir. 1999). Federal courts have original jurisdiction

over civil actions in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. §1332(a). The parties in this matter do not dispute diversity of citizenship.[1] Consequently, the only question before the court is whether the amount in controversy exceeds $75,000 as required for diversity jurisdiction.[2]

The party seeking to litigate in federal court bears the burden of establishing federal subject matter jurisdiction. *See McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936). Generally, the plaintiff's allegation of the damages is controlling if the claim is appears to be in good faith. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). Where a damages allegation is challenged, however, the court must examine whether, "from the face of the pleadings," it is apparent to a legal certainty that the plaintiff could not recover, or was never entitled to recover, the amount claimed. *See id.* at 289; *Dep't of Recreation and Sports v. World Boxing Ass'n*, 942 F.2d 84, 88 (1st Cir. 1991). The court must look to the circumstances at the time the complaint was filed in order to determine whether a party has met the amount-in-controversy requirement. *See Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001); *Coventry Sewage Ass'n v. Dworkin Realty Co.*, 71 F.3d 1, 4 (1st Cir. 1995). Specifically, the First Circuit has held that courts should examine the plaintiffs' claims "from the face of the complaint at the time the petition for removal was filed." *See Ching*

---

[1] The parties stipulate that the plaintiffs are citizens of Massachusetts and that GM is a corporation organized and existing under the laws of Delaware, maintaining a principal place of business in Michigan. *See* Defendant's Notice of Removal ¶2.

[2] Although the plaintiffs filed this action as a class action, the class has not been certified yet. The First Circuit, however, has held that, "[d]uring the period between the commencement of a suit as a class action and the court's determination that it may be so maintained, the suit should be treated as a class action." *See Doucette v. Ives*, 947 F.2d 21, 30 (1st Cir. 1991). Thus, for the purposes for analyzing the amount in controversy, I will treat the Class identified by the plaintiffs as if it has been certified.

2

*v. Mitre Corp.*, 921 F.2d 11, 13 (1st Cir. 1990). Thus, jurisdiction must be rooted in the pleadings as they existed at the time of removal, and "subsequent changes ... in the amount in controversy neither confer nor devest [sic] it." *See Thresleff v. Harvard Trust Co.*, 154 F.2d 732, 732 n.1 (1st Cir. 1946). In this instance, the defendant GM bears the burden of demonstrating that removal to this court was proper. *See Dep't of Recreation and Sports*, 942 F.2d at 88.

At the time of removal, the original complaint (the "Complaint") contained a single count alleging fraudulent concealment. *See* Complaint at 8. Twelve days *after* the defendant removed, however, the plaintiffs amended the Complaint to include a second count alleging unfair and deceptive trade practices under Mass.Gen.L. ch.93A, directed to GM's manufacturing, designing and testing practices for Malibus.[3] *See* First Amended Complaint (the "Amended Complaint") at 11. Although the parties have proceeded on the basis of the Amended Complaint, I am required to assess the question of the jurisdictional amount based on the claims at the time of removal, or in other words, as they are pleaded in the Complaint.

The parties' pleadings acknowledge that damages in class actions may not be aggregated for the purpose of calculating the jurisdictional amount. *See Snyder v. Harris*, 394 U.S. 332, 339-40 (holding that aggregation is only permitted where parties seek to enforce a single right or title in which they have a common and undivided interest); *Zahn v. International Paper Co.*, 414 U.S. 291, 301 (1973) (ruling that courts may not exercise supplemental jurisdiction over the claims of class action plaintiffs who do not individually meet the jurisdictional minimum). Each individual plaintiff must therefore satisfy the jurisdictional amount for a federal court properly to have jurisdiction over a diversity action.

---

[3] The defendant removed on October 5, 2001. The plaintiffs filed the Amended Complaint on October 17, 2001.

3

In the Complaint, the plaintiffs and the Class requested relief that included enjoining GM from "pursuing the policies, acts and practices described in [the] Complaint" and "enjoining GM from engaging in deceptive advertising regarding the Malibus." *See* Complaint at 10. The only policy, act or practice alleged to have been wrongful in the Complaint was the fraudulent concealment of defective brakes in Malibu vehicles. The injunctive relief sought, therefore, was confined to a request in substance that GM be prohibited from concealing the deceptive brakes in Malibus. The plaintiffs also requested the disgorgement or imposition of a constructive trust upon GM's excess profits from the sale of defective Malibus, damages related to any unlawful act or practice committed by the defendant, and litigation-related damages for the plaintiffs and the Class. *See id.* The named plaintiffs, Auerbach and DiTondi, claimed, however, damages only for the repair and replacement of the Malibu brakes in their vehicles - - damages totaling $800 and $300, respectively. *See* Am. Comp. ¶¶ 9-10. While the defendant has submitted an affidavit asserting that the injunctive relief commensurate with count II of the Amended Complaint exceeds $75,000, the defendant has not asserted that the plaintiffs' claim that damages for count I do not meet the jurisdictional amount requirement.

I note in passing that district courts in New York and Texas have remanded related cases against GM on the grounds that the plaintiffs' claims similarly did not satisfy the requisite jurisdictional amounts. *See Post v. General Motors Corp.*, No. 01 civ. 9410, 2002 WL1203847; *Garza v. General Motors Corp.*, No. DC-01-231 (Dist. Ct. Duval County, Tex.). The complaints in both cases were substantially similar to the Complaint in the matter at hand, alleging deceptive trade practices and fraudulent concealment by GM. The court does not decide (because there is no need to decide) whether the claims of each individual plaintiff, as pleaded in

4

the Amended Complaint, would satisfy the jurisdictional amount. It is enough to say that the complaint, as it existed at the time of removal, did not assert damages meeting the jurisdictional requirement. For that reason, the matter to remove this case to the Middlesex Superior Court is GRANTED.

    So ordered.

                                /s/ REGINALD C. LINDSAY
                                United States District Judge

DATED: