IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DELAVENTURA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COLUMBIA ACORN TRUST, ET AL., )<br>)<br>Defendants. )<br>) | Case No. 05-10793 (WGY) |

**DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR STAY OF PROCEEDINGS**

**I.   This Action Should Be Stayed to Serve the Interest of Judicial Economy and to Avoid Inconsistent Results**

Despite Plaintiff's assertions to the contrary, an immediate stay pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") on whether to transfer this matter to the market timing multi-district litigation ("MDL") will serve "the interest of judicial economy and … avoid inconsistent results."  *Weinke v. Microsoft Corp.*, 84 F.Supp. 2d 989, 990 (E.D. Wisc. 2000) (on plaintiff's motion to remand and defendant's motion to stay, holding that stay was warranted pending JPML's ruling on transfer).

The Court may issue a stay *before* considering the jurisdictional question raised in the motion to remand.  *Nekritz v. Canary Capital Partners, LLC*, No. Civ. 03-5081, 2004 WL 1462035, *2 (D.N.J. Jan. 12. 2004) ("…the Court has the power to consider Janus's motion for a stay without first determining conclusively that removal was proper and that it has jurisdiction over the merits"); *Aikins v. Microsoft Corp.*, No. Civ. A.00-0242, 2000 WL 310391, *1 (E.D. La. Mar. 24, 2000) (stating that while jurisdictional questions are generally resolved first, cases involving a pending motion before the JPML "require special consideration").

9748254.1

In light of the fact that Plaintiff's counsel has brought nearly identical cases against four different mutual fund companies, both within and outside the District of Massachusetts, transfer to the multi-district litigation in the United States District Court for the District of Maryland (the "MDL Court") will allow for a uniform decision on the question of remand.[1]  *See Id.* ("… cursory assertions of prejudice do not outweigh the disadvantages of litigating identical claims in a multitude of venues."); *Aikens*, 2000 WL 310391 at *1 (on plaintiffs' motion to remand and defendants' motion to stay, ruling that a stay should issue where "the same jurisdictional questions raised here will likely be raised in many of the other [JPML] cases…Consistency and economy are both served by resolution of these issues by a single court after transfer by the JPML.")  Indeed, Plaintiff himself relies upon a letter from the MDL to the Court, which *discourages* courts from ruling on motions to remand when there are likely to be similar issues addressed in the MDL, if transfer is allowed:

> … you are encouraged to rule on the motion *unless you conclude that the motion raises issues likely to arise in other actions in the transferee court,* should we order transfer and would best be decided there.

*In re Massachusetts Diet Drug Litig.*, 38 F.Supp. 2d 198, 201 (D. Mass. 2004) (emphasis added). Given that there are at least three virtually identical cases with nearly identical claims and requests for relief, which likely will be transferred to the MDL, it is in the interest of judicial economy to stay this case because transfer of these cases will allow for consistent decisions on the question of remand.

---

[1] These cases are *Reaves v. MFS Series Trust I et a*l, Civ. No. 05-CV-10804 (D. Mass), *Maxwell v. PIMCO Funds*, No. 8:05-CV-004790JVS-AN (C.D. Cal.) and *Press v. Putnam Investment Funds*, No. 05-10923-NG (D. Mass).  All of these cases have been removed to federal court and are the subject of tag-along notices, and all of them have been or will be conditionally transferred to the MDL Court.  Moreover, in each of these cases, the plaintiffs have filed or have indicated that they will file motions to remand.  Furthermore, similar Class B shares cases were recently filed by Plaintiff's counsel against the Federated Funds in state court in Pennsylvania.

The question whether remand should be granted turns, in part, on whether the Securities Litigation Uniform Securities Act ("SLUSA") is applicable to this litigation. The MDL Court definitely will need to address the applicability of SLUSA to claims currently pending in the MDL during its determination of the pending motions to dismiss, for which oral argument is being heard on June 16 -17, 2005. Any SLUSA analysis by this Court would be duplicative at best, and inconsistent at worst, of the MDL Court's analysis. *See In re Ivy*, 901 F.2d 7 (2d. Cir. 1990) (upholding district court's decision to defer ruling on remand motion pending transfer of the case to a pending multidistrict litigation); *Bd of Trs. of the Teachers' Ret. Sys. Worldcom, Inc.*, 244 F.Supp. 2d 900, 905 (N.D. Ill. 2002) ("Judicial economy favors a stay. Having one court rather than three decide complex jurisdictional issues obviously saves judicial resources.").

It would be a waste of judicial resources for more than one court to decide jurisdictional questions concerning remand not only because of the duplication in effort but also because multiple inconsistent decisions likely will lead to multiple appeals from the remand decisions. *See Kircher v. Putnam Funds Trust*, 373 F.3d 847 (7th Cir. 2004) (order remanding investors' removed class action against mutual fund back to state court pursuant to SLUSA reviewable on appeal).

Indeed, many district courts have entered stays in cases that were subsequently transferred to the MDL Court in connection with mutual fund market timing litigation. *See. e.g. Parisi v. Marsh & McLennan Cos.*, No. Civ. A. 04-2091-KHV, 2004 WL 1534181 at *1 (D. Kan Apr. 6, 2004) ("Because the District of Maryland, as the transferee court, must rule on this same jurisdictional objection in similar cases judicial economy is best served by a stay of the judicial proceedings in this Court until the MDL panel decides whether to transfer this case to the District of Maryland."); *Nekritz*, 2004 WL 1462035 at *2 ("An immediate stay will … "eliminate the

danger that a decision on this remand motion might be inconsistent with decisions by other courts on similar questions."); *Fienersetien v. Marsh & McLennan Cos.*, No. 03-12474 (D. Mass. Mar 3, 2004).

## II.     If a Stay is Issued, This Action Likely Will Be Transferred to the MDL

Granting the stay, likely, will result in a transfer of the case to the MDL –thereby allowing for a uniform decision on remand. The JPML should transfer actions to multi-district litigations where " the potential 'tag along' 'raises questions of fact common to the actions previously transferred … and … its transfer to the transferee district will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." *In re Tobacco/Govt. Health Care Costs Litig.*, 76 F.Supp. 2d 5, 7-8 (D.C. 1999). As described above, a uniform decision on remand issued by the MDL Court will serve judicial efficiency.

Furthermore, this action raises questions of fact common to the consolidated amended class action complaint pending in the MDL in *Dukes et al v. Columbia Acorn Fund et al*, ("MDL Complaint"), attached hereto as Exhibit A. The common questions of fact arise because both complaints allege harm from undisclosed market timing activity. *See* MDL Complaint at ¶ 3; Complaint ¶ 20; *In re Janus Mutual Funds Investment Litig*, 310 F.Supp. 2d 1359, 1361 (J.P.M.L. 2004) (ordering centralization of market timing actions into a single docket where "… the actions can be expected to focus on similar mutual fund trading practices and procedures with some common defendants and/or witnesses").

This case would be most efficiently resolved in the MDL. Defendants in this action are also defendants named in the MDL Complaint. In addition, the MDL Complaint was filed on behalf of a Class consisting of all persons who purchased and/or held shares in any mutual fund

in the Columbia fund family adversely affected by market timing … during the period of March 1, 1999 to January 16, 2004. MDL Complaint at ¶ 72. Therefore, the class as defined in this action -- holders of class B shares of Columbia mutual funds as of February 24, 2004 -- is a subset of the class defined in the MDL Complaint. In the same vein, because the MDL Complaint requests "such other and further relief as the Court may deem just and proper," the relief requested in this action is a subset of the relief requested in the MDL Complaint. *See* MDL Complaint at Prayer for Relief ¶ f. Given these commonalities and that judicial economy will be served by transfer, the JPML is likely to transfer this action to the MDL.

### III. This Court's Decision in *Meyer* is Distinguishable

Plaintiff's contention that *Meyer v. Putnam Int'l Voyager Fund*, 220 F.R.D. 12 (D. Mass. 2004) is controlling does not take into account that *Meyer* is not only distinguishable as a factual matter, but that there have been recent decisions from other circuits that are applicable to the analysis in *Meyer*.[2] From a factual standpoint, as argued by Defendants in the Opposition to the Motion to Remand, Section III at p. 17 to 20, *Meyer* is distinguishable because, in contrast to this Court's determination in *Meyer*, Plaintiff in this case seeks to pursue claims based on Class members' status as both purchasers and sellers. In addition, at least one of the recent decisions on SLUSA directly conflicts with the decision in *Meyer*. *See Kircher v. Putnam Funds Trust,* 403 F.3d 478 (7th Cir. 2005) (finding that SLUSA preempted claims brought by "holders" of mutual fund shares, who were neither purchasers nor sellers and ordering district courts to undo remand orders); Defendants' Opposition to Motion to Remand, Section V at p. 14 to 16. Because *Meyer*

---

[2] Plaintiff's accusation that the Motion to Stay was filed in order to avoid this Court's decision in *Meyer* is unfounded. Procedurally, this case has been and continues to be ahead of the other similar cases brought by Class B shareholders. When Plaintiff filed his Opposition to Defendant's Motion to Stay on June 6, 2005 motions to stay in *Reaves v. MFS Series Trust I et al,* Civ. No. 05-CV-10804 (D. Mass) and *Press v. Putnam Investment Funds*, No. 05-10923-NG (D. Mass) were in the process of being drafted and were filed on June 10, 2005.

is not directly on point, the decision of whether to remand will be a complex one that should addressed in the MDL in order to conserve judicial resources and to avoid inconsistent decisions.

### IV.     Plaintiff Will Not Be Prejudiced By a Stay

Plaintiff alleges that he may experience delay in the resolution of the case if a stay of the proceedings in this Court pending resolution of the JPML's transfer decision. "These cursory assertions of prejudice do not outweigh the disadvantages of litigating identical claims in a multitude of venues." *Weinke*, 84 F.Supp. 2d at 990 (issuing stay where plaintiffs made conclusory allegations that if not remanded, the case would experience delay in the MDL).

### CONCLUSION

WHEREFORE, Defendants ask this Court to stay all proceedings in this Court pending a ruling by the JPML on Defendants' transfer application.

Dated: June 14, 2005                        Respectfully submitted,


  __/s/ Brien T. O'Connor_____
  Brien T. O'Connor, BBO # 546767
  Giselle J. Joffre, BBO # 658047
  ROPES & GRAY LLP
  One International Place
  Boston, MA 02110-2624
  (617) 951-7000
  *Attorneys for Defendants Columbia Funds Trust I, Columbia Funds Trust II, Columbia Funds Trust III, Columbia Funds Trust IV, Columbia Funds Trust V, Columbia Funds Trust VI, Columbia Funds Trust VII, Columbia Funds Trust VIII, Columbia Funds Trust XI*

- 7 -

   /s/ Brian E. Pastuszenski
Brian E. Pastuszenski, BBO # 391030
Kevin P. McGrath, BBO # 550123
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1000
*Attorneys for Columbia Acorn Trust*