UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
-----------------------------------------------------------------X
   DEAN DELAVENTURA,                            :  Civil Action No. 05-10793 (WGY)
                                                :
                     Plaintiff,                 :
                                                :
       - against -                              :
                                                :
   COLUMBIA ACORN TRUST, COLUMBIA               :
   FUNDS TRUST I, COLUMBIA FUNDS TRUST          :
   II, COLUMBIA FUNDS TRUST III, COLUMBIA       :
   FUNDS TRUST IV, COLUMBIA FUNDS TRUST         :
   V, COLUMBIA FUNDS TRUST VI, COLUMBIA         :
   FUNDS TRUST VII, COLUMBIA FUNDS              :
   TRUST VIII, COLUMBIA FUNDS TRUST XI,         :
                                                :
                     Defendants.                :
-----------------------------------------------------------------X
```

**REPLY MEMORANDUM OF LAW
IN SUPPORT OF
<u>PLAINTIFF'S MOTION TO REMAND</u>**

**PRELIMINARY STATEMENT**

This memorandum is submitted in response to Defendants' Opposition to Motion to Remand.

**ARGUMENT**

Defendants' Opposition is primarily an attempt to escape this Court's decision in *Meyer v. Putnam International Voyager Fund*. Aside from a rehash of the arguments already made in their Notice of Removal, dated April 20, 2005, they invite this Court to effectively overrule itself and adopt *In re Alger*. This invitation should be declined.

**THERE IS NO REASON FOR
THIS COURT TO OVERRULE ITSELF**

Judge Motz, in *Alger*, says that the allegations of the complaints before him, "are not limited to persons who purchased their shares prior to the class period and who continued to hold their shares throughout the class period" and therefore, he reasons, SLUSA may be applicable. 320 F. Supp. 2d 352, 354 (D. Md. 2004).

But in this case we allege that the beginning and end of the class period is February 24, 2004, when both the Attorney General of New York State and the SEC announced that they had commenced actions against Columbia. (Cplt. ¶¶ 22, 23.) The class members are "all *holders* of Class B shares of Columbia Mutual Funds as of February 24, 2004" and are still liable for a CDSC or who have been assessed such a fee after February 24, 2004." (Cplt. ¶ 9.)

We *do* limit the class to persons who purchased their shares prior to the class period, i.e., before February 24, 2004, and who continue to hold their shares throughout the class period, i.e., February 24, 2004. Accordingly, the *Alger* opinion seems to indicate that SLUSA is inapplicable to this case.

Furthermore, the *Alger* opinion discusses whether the fraud or misrepresentation alleged

needs to be in connection with the *plaintiff's* purchase of securities or a third person's purchase of securities. This complaint does *not* allege *any* fraud or misrepresentation in connection with any purchase of securities, whether by plaintiff or by anyone else.

Defendants repeatedly attempt to characterize our complaint as sounding in fraud that induced class members to purchase their mutual fund shares, claiming "artful pleading" on our part to avoid the reach of SLUSA. But defendants' "artful characterization" cannot change the contractual nature of our complaint.

There is no claim that at the time of the purchase of securities by class members there was *any* misrepresentation or omission, much less one that induced the purchase of Class B shares. There is a difference between a claim sounding in contract and a claim sounding in fraud. Defendants argue that they are really one and the same. They could not be more wrong.

Finally, Judge Motz seems to acknowledge, that this Court disagrees with him. *Alger,* 320 F. Supp. at 354. Judge Motz opines, in *Alger*, that the fraud alleged in connection with the purchase or sale of securities does not need to be in connection with the purchase or sale of securities by *plaintiff,* but can involve purchase or sale of securities by anyone! This Court should not, and need not, by implication or otherwise, adopt such a radical change in securities jurisprudence.

## CONCLUSION

Plaintiff's motion to remand should be granted. *Meyer,* rather than *Alger,* should control here.

Dated: July 5, 2005

**Respectfully submitted,**

BY: /s/ David Pastor
David Pastor (BBO# 391000)
John C. Martland (BBO# 322980)
GILMAN AND PASTOR, LLP
60 State Street, 37th Floor
Boston, MA 01906
Telephone: (617) 742-9700
Fax: (617) 742-9701

RABIN & PECKEL LLP
275 Madison Avenue, Suite 420
New York, NY 10016
Telephone: (212) 880-3722
Fax: (212) 880-3716

GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: (310) 201-9150
Fax: (310) 201-9160

Attorneys for Plaintiff Dean Delaventura